UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KALEEM MORRISON,                                    )        COMPLAINT
                                                    )
                        Plaintiff,                  )
                                                    )        JURY TRIAL DEMANDED
            -against-                               )
                                                    )
                                                    )
THE CITY OF NEW YORK, NEW YORK CITY                 )  **CV 13 - 4216**
POLICE DEPARTMENT,                                  )
PO MICHAEL BROOKS, PO VARGAS,                       )
LT DANIEL DIVERS,                                   )        WEINSTEIN J
                                                    )
                                                    )
                        Defendants.                 )        POLLAK, M.J
------------------------------------------------------------X

## Preliminary Statement

1.      This is a civil rights action in which the plaintiff seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of

1871, 42 U.S.C. Section 1983, by the United States Constitution,

including its Fourth and Fourteenth Amendments, and by the laws

and Constitution of the State of New York.  The plaintiff seeks

damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs and attorneys' fees, and such

other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United

States, including its Fourth and Fourteenth Amendments, and

pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and

1343(a)(3) and (4), this being an action seeking redress for the

violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. 1391 (a), (b) and (c).

## PARTIES

6.      Plaintiff KALEEM MORRISON is a resident of Brooklyn, New York.

7.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible as its employer.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants, Police Officer Michael Brooks, PO Vargas, and Lieutenant Daniel Divers are and were at all times relevant herein duly appointed and acting law enforcement officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The aforementioned defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendants, NYPD and THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

9. On September 8, 2012, at approximately 12:34am Plaintiff KALEEM MORRISON was arrested and charged with Robbery in the Second Degree, in Kings County.

10. After the Plaintiff (and his co-defendant) were indicted and subsequently incarcerated, counsel for the co-defendant obtained a surveillance video from a location near where the alleged crime occurred. On the video, two individuals are seen running from the

alleged crime scene. Neither of those two individuals matched the physical appearance of the Plaintiff or the co-defendant.

11.     Based on this video the District Attorney moved to dismiss of all charges against Plaintiff and his co-defendant on May 20, 2013. The People's motion was granted and the Plaintiff was released from custody.

12.     Prior to his release Plaintiff had been incarcerated due to this arrest for approximately 6 months.

### FIRST CLAIM

13.     The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

14.     By their conduct and actions in falsely arresting, maliciously prosecuting Plaintiff, defendants, Police Officer Michael Brooks, PO Vargas, and Lieutenant Daniel Divers, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

15.     As a result of the foregoing, Plaintiff was deprived of his liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## LIABILITY OF THE CITY OF NEW YORK

## FOR CONSTITUTIONAL VIOLATIONS

16.    The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

17.    At all times material to this complaint, the Defendant THE CITY OF NEW YORK had de facto policies, practices customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

18.    At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants Police Officer Michael Brooks, PO Vargas, and Lieutenant  Daniel Divers.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C.  §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

19.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

## FALSE ARREST and FALSE IMPRISONMENT

20.    The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.    By the actions described above, defendants falsely arrested and imprisoned Plaintiff, or caused him to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

22.    As a result of the foregoing, Plaintiff was deprived of his liberty, pain and suffering, emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## NEGLIGENCE

23.    The Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24.    Defendants, jointly and severally, negligently caused injuries, emotional distress, and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law

rights as guaranteed by the laws and Constitution of the State of
New York.

25.   As a result of the foregoing, Plaintiff was deprived of his liberty,
pain and suffering, emotional distress, great humiliation, costs and
expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

26.   The Plaintiff incorporated by reference the allegations set forth in all
preceding paragraphs as if fully set forth herein.

27.   By the actions described above, defendants maliciously prosecuted
Plaintiff without any right to do so.  The acts and conduct of the
defendants were the direct and proximate cause of injury and
damage to the Plaintiff and violated his statutory and common law
rights as guaranteed by the laws and Constitution of the State of
New York.

28.   As a result of the foregoing, Plaintiff was deprived of his liberty,
suffered pain and suffering, emotional distress, great humiliation,
costs and expenses, and was otherwise damaged and injured.


WHEREFORE, Plaintiff demands the following relief jointly and severally
against all of the defendants:


a.  Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Pre- and post-judgment costs, interest and attorney's fees;

e. Such other and further relief as this Court may deem appropriate and equitable.

Dated:       July 24, 2013
             New York, New York

Morris Shamuil, Esq.
(MS-8604)
132 Nassau Street
Suite 1401
New York, New York 10038